IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON
_____

STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiff,

vs.                                                                                          NO: _____

BECK'S BRANCH, INC.; RIVER BREEZE
ESTATES ASSOCIATES, LLC; RIVERBREEZE AT
BECKS BRANCH HOMEOWNER'S ASSOCIATION
INC.; RIVER BREEZE ESTATES HOMEOWNERS
ASSOCIATION; RIVER BREEZE ESTATES AT
BECK'S BRANCH HOMEOWNERS ASSOCIATION,
INC.; CHARLES RUTHERFORD; JEFF COX;
DLPJW, LLC; RICHARD GLENN RUTHERFORD, JR.;
MYRA RUTHERFORD; LARRY DEAN MASSEY, JR.;
LARRY B. SANDERS, SR.; DOUGLAS S. SWANSON;
and ROBERT OLSON

    Defendants.
_____

**COMPLAINT FOR DECLARATORY JUDGMENT**
_____

    COMES NOW, Plaintiff State Farm Fire and Casualty Company, and for its Complaint for Declaratory Judgment against Defendants, Beck's Branch, Inc.; River Breeze Estates Associates, LLC; Riverbreeze at Becks Branch Homeowner's Association, Inc.; River Breeze Estates Homeowners Association; River Breeze Estates at Beck's Branch Homeowners Association, Inc.; Charles Rutherford; Jeff Cox; DLPJWP, LLC; Richard Glenn Rutherford, Jr.; Myra Rutherford; Larry Dean Massey, Jr.; Larry B. Sanders, Sr.; Douglas S. Swanson; and Robert A. Olson, and would state and show as follows:

Parties

    1.    Plaintiff State Farm Fire and Casualty Company ("State Farm") is corporation

organized pursuant to the laws of the State of Illinois, with its principal place of business located in Bloomington, Illinois, but duly qualified to do business in the State of Tennessee.

2. Defendant Beck's Branch, Inc. ("Beck's Branch"), Tennessee Secretary of State Control No. 499897, is a corporation that has been administratively dissolved by the State of Tennessee but which may be served with process through its registered agent, Richard Glenn Rutherford, Jr., 982 Cotton Grove Road, Jackson, Tennessee 38305.

3. Defendant River Breeze Estates Associates, LLC ("River Breeze Estates"), Tennessee Secretary of State Control No. 549567, is a corporation that has been administratively dissolved by the State of Tennessee but which may be served with process through its registered agent, Richard Glenn Rutherford, Jr., 982 Cotton Grove Road, Jackson, Tennessee 38305.

4. Defendant Riverbreeze at Becks Branch Homeowner's Association, Inc. ("HOA 1"), Tennessee Secretary of State Control No. 541802, is a corporation that has been administratively dissolved by the State of Tennessee but which may be served with process through its registered agent, Richard Glenn Rutherford, Jr., 982 Cotton Grove Road, Jackson, Tennessee 38305.

5. Defendant River Breeze Estates Homeowner's Association ("HOA 2"), Tennessee Secretary of State Control No. 553432, is a corporation that has been administratively dissolved by the State of Tennessee but which may be served with process through its registered agent, Leslie Creasey, 60 Braselton Street, Savannah, Tennessee 38372.

6. Defendant River Breeze Estates at Beck's Branch Homeowner's Association, Inc. ("HOA 3"), Tennessee Secretary of State Control No. 715092, is a corporation that has been administratively dissolved by the State of Tennessee but which may be served with process through its registered agent, Richard Glenn Rutherford, Jr., 982 Cotton Grove Road, Jackson,

Tennessee 38305.

7. Defendant The Estate of Charles Rutherford is an individual residing in Mecklenburg County, North Carolina, who may be served with process at 7221 Tobin Court, Charlotte, North Carolina 28211.

8. Defendant Jeff Cox ("Cox") is an individual residing in Charleston County, South Carolina, who may be served with process at 45 Vanderhorst Street, Charleston, South Carolina 29928.

9. Defendant DLPJWP, LLC ("DLPJWP") is a limited liability company organized pursuant to the laws of the State of Oklahoma which may be served with process through its registered agent, Byron J. Will, 4301 Southwest Third Street, Oklahoma City, Oklahoma 73108.

10. Defendant Richard Glenn Rutherford, Jr. ("Glenn Rutherford") is an individual residing in Madison County, Tennessee, who may be served with process at 982 Cotton Grove Road, Jackson, Tennessee 38305.

11. Defendant Myra Rutherford ("Myra Rutherford") is an individual residing in Madison County, Tennessee, who may be served with process at 982 Cotton Grove Road, Jackson, Tennessee 38305.

12. Defendant Larry Dean Massey, Jr. ("Massey") is an individual residing in Shelby County, Tennessee, who may be served with process at 7915 Nikerton Drive, Germantown, Tennessee 38138.

13. Defendant Larry B. Sanders, Sr. ("Sanders") is an individual residing in York County, South Carolina, who may be served with process at 3139 McFarland Road, York, South Carolina 29745.

14. Defendant Douglas S. Swanson ("Swanson") is an individual residing in Lincoln

County, North Carolina, who may be served with process at 7319 Timbercreek Court, Denver, North Carolina 28037.

15. Defendant Robert A. Olson ("Olson") is an individual residing in Beaufort County, South Carolina who may be served with process at 13 Queens Way, Hilton Head Island, South Carolina 29928, or, 20 Pope Avenue, Executive Park, Hilton Head Island, South Carolina 29928, or, alternatively, 17 Herron's Bill Drive, Bluffton, South Carolina 29910.

## Jurisdiction & Venue

16. Jurisdiction over this action for declaratory judgment, which is brought pursuant to 28 U.S.C. §§ 2201-2202, is properly with this Court.

17. Venue for this action is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because this is the district and division where a substantial part of the events giving rise to the claim occurred and in which at least one of the defendants resides.

## Factual Allegations

18. State Farm previously issued a Personal Liability Umbrella Policy ("PLUP"), Policy No. 42-BK-5035-5 (***Exhibit A*** hereto), to Myra Rutherford and Glenn Rutherford with effective dates for the following three (3) time periods (each period begins and ends on February 18): 2007 – 2008; 2008 – 2009; and 2014 – 2015.

19. In addition, State Farm previously issued a Condominium/Association Policy or Residential Community Association Policy to HOA 2, Policy No. 92-KT4900-1 (***Exhibit B*** hereto), with effective dates for the following seven (7) time periods (each period begins and ends on September 11): 2008 – 2009; 2009 – 2010; 2010 – 2011; 2011 – 2012; 2012 – 2013; 2013 – 2014; and 2014 – 2015.

20. On April 28, 2014, a Complaint was filed by Massey, Sanders, and Swanson in the Chancery Court of Tennessee, Twenty-Fourth Judicial District, Decaturville under Cause No. 14-CV-396 seeking compensatory and punitive damages in unspecified amounts (***Exhibit C*** hereto). An Amended Complaint (***Exhibit D*** hereto) and Second Amended Complaint (***Exhibit E*** hereto) were thereafter filed. On June 26, 2015, a Third Amended Complaint (***Exhibit F*** hereto) was filed and is currently being prosecuted in that Court.

21. Myra Rutherford, Glenn Rutherford, and HOA 2 have demanded that State Farm provide them with a defense and coverage for the allegations and causes of action raised against them in Cause No. 14-CV-396.

22. Pursuant to Ex. F hereto, the allegations against Myra Rutherford, Glenn Rutherford, and/or HOA 2 include the following (for purposes of this Complaint for Declaratory Judgment, State Farm takes no position as to the accuracy or veracity of these allegations):

(a) In late 2006 and early 2007, Beck's Branch subdivided a tract of land into residential lots which were platted and sold as part of two developments: Riverbreeze Estates I and Riverbreeze Estates II. The lots in these developments were subject to covenants and/or amended covenants filed as a matter of record before the first lot was sold. Swanson, Sanders, and Massey are purchasers of lots in these developments. Sanders and Massey are no longer members of HOA 2, because it has been dissolved, and were never made members of HOA 3.

(b) In reliance on the filed plats and covenants, Swanson signed a purchase contract for a lot in Riverbreeze Estates II on June 6, 2007 and recorded his deed on September 13, 2007; Sanders signed a purchase contract for a lot in Riverbreeze Estates I on July 12, 2007, and recorded his deed on December 11, 2007; and Massey recorded his

deed on October 12, 2010. On March 4, 2011, after Swanson, Sanders, and Massey had recorded their deeds, Beck's Branch conveyed a 4.4 acre tract to DLPJWP, through Charles Rutherford, a brother of Glenn Rutherford, which constituted a re-subdivision of three lots located within Riverbreeze Estates I, contrary to the filed covenants.

(c) Because Glenn Rutherford, and others in control of Beck's Branch, knew the re-subdivision of those three lots was prohibited, they amended the covenants for Riverbreeze Estates I giving Beck's Branch authority to re-subdivide any lot. Glenn Rutherford, as president, secretary, and director of both Beck's Branch and HOA 1, failed to disclose this information to Swanson and Sanders. On May 23, 2013, Beck's Branch (despite having been dissolved by the Tennessee Secretary of State) filed amended and consolidated covenants covering both Riverbreeze Estates I and Riverbreeze Estates II.

(d) On October 8, 2010, Myra Rutherford filed a notice of lien on behalf of HOA 2, against the lot owned by Sanders for homeowners association charges incurred during years 2009 and 2010. Similar allegations are levied against her husband, Glenn Rutherford, i.e. that he filed a notice of lien on behalf of HOA 2 against the lot owned by Sanders on September 19, 2011 for charges incurred in 2011, and filed notices of liens on behalf of HOA 3 against the lots owned by Sanders and Massey on September 30, 2013 for charges incurred in 2013.

23. Pursuant to Ex. F hereto, said causes of action include the following (for purposes of this Complaint for Declaratory Judgment, State Farm takes no position as to the merit or legal sufficiency of these causes of action):

(a) Count III – Slander of Titles alleges Myra Rutherford and Glenn Rutherford acted with malice and/or reckless disregard when they filed notices of liens on

behalf of HOA 2 and HOA 3 against the lots owned by Sanders and Massey. It is alleged, when the liens were filed, both HOA 2 and HOA 3 had been administratively "dissolved and [were] unauthorized to conduct any business activities." It is further alleged Myra Rutherford and Glenn Rutherford knew Sanders and Massey were not members of either HOA 2 or HOA 3 and, accordingly, had no obligation to pay the charges in question.

    (b)    Count IV – Declaration that Liens are Invalid and Unenforceable alleges Massey, Sanders, and Swanson "have never been members" of either HOA 2 or HOA 3, and that both corporations are "dissolved entities" with no "legal authority to set or collect" assessments on the date when the notices of liens were filed. Among the relief requested is a "mandatory injunction ordering Defendants to release and/or remove the liens."

    (c)    Count V – Recovery of Lease Payments alleges Massey, Sanders, and Swanson are entitled to lease payments from "River Breeze" whether this is the same entity (HOA 2) which was previously insured by State Farm is unclear.

    (d)    Count VI – Intentional and Negligent Misrepresentation alleges Massey, Sanders, and Swanson relied on misrepresentations which induced them to pay over market value for the properties.

    (e)    Count VII – Breach of Fiduciary Duties and Fraudulent Non-Disclosure alleges a duty was owed to Massy and Sanders to inform them fully and promptly of all decisions, actions, and activities made, taken or engaged in and/or known about that affected the memberships and property rights and interests of Massy and Sanders. It is alleged these duties were breached intentionally or through gross negligence, contrary to the duty of good faith, and that the non-disclosures were fraudulent, such that punitive

damages are warranted.

  (f) Count IX – Declaration that Transfers of Original HOA's Assets and Liabilities Void and Invalid alleges Glenn Rutherford attempted to unilaterally dispose of all assets belonging to HOA 1. Massey, Sanders, and Swanson therefore request a judgment declaring the transfer of assets and liabilities to HOA 3 to be void.

  (g) Count XIII – Punitive Damages alleges Glen Rutherford committed "willful, wanton, and grossly negligent breaches of fiduciary duties" owed to Sanders and Massey for which they demand $500,000 in punitive damages.

  (h) Count XIV – Recovery of Attorney's Fees alleges Sanders and Massey are entitled to attorney fees for the slander of title allegedly committed by Myra Rutherford and Glenn Rutherford and for their efforts to obtain a declaratory judgment that the re-subdivision of three lots in Riverbreeze Estates I was contrary to the filed covenants and that the amended and consolidated covenants covering both Riverbreeze Estates I and Riverbreeze Estates II are void.

24. State Farm contends and asserts that it has no duty under or pursuant to its PLUP to defend and/or indemnify Glenn Rutherford or Myra Rutherford under the facts alleged in Cause No. 14-CV-396. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

25. State Farm contends and asserts that it has no duty under or pursuant to its Condominium/Association Policy or Residential Community Association Policy to defend or indemnify HOA 2 under the facts alleged in Cause No. 14-CV-396. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

26. State Farm's PLUP issued to Myra Rutherford and Glenn Rutherford states in

pertinent part, as follows:

### COVERAGE L- PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a loss for which the insured is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**. The most **we** will pay for such a loss is the Coverage L Limit of Liability, as shown of the declarations page, regardless of the number of insureds who may be liable, claims made or person injured.

### DEFINITIONS

2. **"bodily injury"** means physical injury, sickness or disease to a person, including death resulting therefrom.

   **Bodily injury** does not include:

   a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organisms, any of which are transmitted by any **insured** or any other person;

   b. the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person;

   c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

   d. **personal injury**.

   7. **"loss"** means:

   a. an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

   b. the commission of an offense which first results in **personal injury** during the policy period. A series of similar or related offenses is considered to be one loss.

   8. **"personal injury"** means injury other than bodily injury arising out of one or more of the following offenses:

   a. false arrest, false imprisonment, wrongful eviction, wrongful detention of a person;

   b. abuse of process, malicious prosecution;

   c. libel, slander, defamation of character; or

    d. invasion of a person's rights of private occupancy by physically entering into the at person's personal residence.

10. "property damage" means physical damage to or destruction of tangible property, including the loss of use of such property. Tangible property does not include computer programs or data or the reconstruction of computer programs or data. Theft or conversion of property by an **insured** is not **property damage**.

## EXCLUSIONS

17. **personal injury** when the **insured** acts with specific intent to cause any harm;

Your policy also contains the following language regarding losses that are covered by other policies:

## COVERAGES

**COVERAGE L-PESONAL LIABILITY**

**Defense**

If a suit is brought against any **insured** for damages because of a **loss** to which this policy applies, we will provide a defense to the **insured** at **our** expense by counsel of **our** choice when the basis for the suit is a **loss** that is not covered by any other insurance policy but is covered by this policy. **We** have no duty to defend any claim or suit after **we** tender, deposit in court, or pay the amount due under this policy.

      27.      Pursuant to the above-referenced provisions of State Farm's PLUP issued to Myra Rutherford and Glenn Rutherford, and the facts alleged Cause No. 14-CV-396, State Farm contends that it has no duty to defend or indemnify Myra Rutherford or Glenn Rutherford in that cause or to provide coverage for any liability arising out of the alleged wrongdoing because such acts do not meet the definition of a covered "loss" under the PLUP. Specifically, the causes of action alleged in Cause No. 14-CV-396 do not concern a "bodily injury", "property damage", or "personal injury" covered under the PLUP. In addition, the causes of action allege acts with specific intent to cause harm, and these specific actions do not meet the definition of a covered loss. Further, the allegations not arise out of a covered business property or business pursuit of Myra Rutherford or Glenn Rutherford.

28. State Farm's Condominium/Association Policy or Residential Community Association Policy issued to HOA 2 states in pertinent part:

_____
**SECTION II - LIABILITY**
_____
**Coverage L - Business Liability**
_____

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L - Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

    a. The amount we will pay for damages is limited as described in **SECTION II- LIMITS OF INSURANCE**; and

    b. Our right and duty to defendant end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II- Supplementary Payments**.

2. This insurance applies:

    a. To "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

        (3) Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II- WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or property damage" during or after the policy period will be deemed to

11

      have been known before the policy period.

   b. To "personal and advertising injury' caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

3. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1.a. of **SECTION II- WHO IS AN INSURED** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

4. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.a.** of **SECTION II-WHO IS AN INSURED** or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

   a. Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

   b. Receives a written or verbal demand or claim for damages, or for other relief, because of the "bodily injury" or property damage"; or

   c. Becomes aware of any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

5. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**SECTION II-DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or mental injury caused by the "bodily injury".

17. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

21. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

    As used in this definition, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes drives, cells, data processing devices or any other repositories of computer software which
    are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

Your policy also contains Endorsement CMP4814 Directors and Officers Liability. This endorsement contains the following language:
    1. The following coverage is added to **SECTION II-LIABILITY:**

    **DIRECTORS AND OFFICERS LIABILITY**

        a. When a Limit Of Insurance is shown in the Declarations for Directors And Officers Liability, we will pay those sums that the insured becomes legally

13

obligated to pay as damages because of a "wrongful act" to which this endorsement applies.

We will have the right and duty to defend the insured, by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit seeking those damages to which this endorsement does not apply. We may at or discretion, investigate any incident and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

(1) The most we will pay for damages is limited as described in **SECTION II- DIRECTORS AND OFFICERS LIBILITY LIMITS OF INSURANCE**; and

(2) Our right and duty to defend end when we have used up that amount in the payment of judgments or settlements for a "wrongful act".

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II- Supplementary Payments**.

b.  This insured applies to a "wrongful act" only if the "wrongful act" takes place:

(1) During the policy period and a claim is made in writing or "suit' filed and brought no later than one year from the end of the policy period; or

(2) Prior to the policy period where:

   (a) There is no other insurance which:

      i.   Is valid and collectible; or

      ii.  Would be valid and collectible but for the exhaustion of the limits of insurance;

   (b) No insured listed under SECTIONII- WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of a "wrongful act", had prior knowledge or could reasonably have foreseen any circumstances which might result in a claim or "suit"; and

   (c) A claim is made in writing or "suit" filed and brought during the policy period.

2. With respect to coverage provided under Directors And Officers Liability, all exclusions under **Section II- Exclusions** are replaced with the following:

**Section II- Exclusions**

This coverage provided under Directors And Officers Liability does not apply to:

a. **Criminal Acts**

   Dishonest, fraudulent, criminal or malicious act, including fines and penalties resulting from these acts.

b. **Actual Knowledge Or Intent**

   "Wrongful act" by an insured with actual knowledge of its wrongful nature or with intent to cause injury or damage.

i. **Non-Monetary Relief**

   Any costs incurred to comply with any or-der for injunctive or other non-monetary relief, or to comply with an agreement to provide such relief.

29. Pursuant to the above-referenced provisions of the Condominium/Association Policy or Residential Community Association Policy issued to HOA 2, and the facts alleged in the Complaint, Plaintiff State Farm contends that it has no duty to defend and/or indemnify Defendants, River Breeze Estates Homeowners Association in that cause or to provide coverage for any liability arising out of the alleged wrong doing because such acts do not meet the definition of a covered "loss" under the policy. Specifically, this is not a claim for "bodily injury", "property damage" or "personal and advertising injury" covered under the policy issued to River Breeze Estates Homeowners Association. In addition, the loss alleged does not meet the definition of an "occurrence" as defined by the policy issued to River Breeze Estates Homeowners Association. The allegations provided within the complaint specifically allege actions against Directors and Officers, and these allegations do not provide for a loss from a wrongful act that occurred within the policy period issued to River Breeze Estates Homeowners Association. The allegations against the Directors and Officers allege acts of dishonest, fraudulent, criminal or malicious actions, including acts that may include fines and penalties

15

from these acts, and are not covered pursuant to the policy issued to River Breeze Homeowners Association. The allegations within the Complaint allege wrongful acts of the Directors and Officers with actual knowledge of their wrongful nature or with intent to cause injury or damage, and these allegations are not covered under the policy issued to River Breeze Estates Homeowners Association. Finally, the Complaint contains allegations of costs being incurred to comply with any order for injunctive or other non-monetary relief, or to comply with an agreement to provide such relief, which is not covered under the policy issued to River Breeze Estates Homeowners Association.

30. Plaintiff demands a jury to an extent entitled by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty Company prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Richard Glen Rutherford and Myra Rutherford and River Breeze Estates Homeowners Association or any other party-defendant in the action filed by Larry Dean Massey, Jr., Larry B. Sanders, Sr., and Douglas S. Swanson pending in the Chancery Court of Tennessee for the Twenty-Fourth Judicial District at Decaturville, docket number 14-CV-396;

4. For a declaration that no coverage is afforded under the insurance policy issued to Myra Rutherford and Richard Glenn Rutherford, policy number 42-BK-5035-5, for the claims

and demands made in the action filed by Larry Dean Massey, Jr., Larry B. Sanders, Sr., and Douglas S. Swanson pending in the Chancery Court of Tennessee for the Twenty-Fourth Judicial District at Decaturville, docket number 14-CV-396;

5.  For a declaration that no coverage is afforded under the insurance policy issued to River Breeze Estates Homeowners Association, policy number 92-KT4900-1, for the claims and demands made in the action filed by Larry Dean Massey, Jr., Larry B. Sanders, Sr., and Douglas S. Swanson pending in the Chancery Court of Tennessee for the Twenty-Fourth Judicial District at Decaturville, docket number 14-CV-396;

6.  For the costs of this cause; and for such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

> STATE FARM FIRE AND CASUALTY COMPANY
>
> **HICKMAN GOZA & SPRAGINS, PLLC**
> Attorneys at Law
> P.O. Box 16340
> Memphis, TN  38186
> Ph:  (901) 881-9840
>
> */s/ Dawn Davis Carson*
> DAWN DAVIS CARSON, #21416